**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **U.S. BANK NATIONAL** | § | |
| **ASSOCIATION, et al.,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 11-CV-410** |
| | § | |
| **FRANK COTTA,** | § | |
| **Defendant** | § | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND DENYING AS MOOT PLAINTIFF'S
MOTION TO STRIKE**

Pending are plaintiff's motion for summary judgment and its motion to strike

defendant's jury demand (D.E. 18, 19) to which defendant did not respond.  Plaintiff,

U.S. Bank National Association, holds a note executed by defendant, Frank A. Cotta, and

asserts that defendant defaulted on payment of the note and now owes plaintiff the

deficiency principal balance on the note plus interest, attorney's fees and costs.  For the

reasons stated more fully below, plaintiff's motion for summary judgment is granted and

its motion to strike defendant's jury demand is denied as moot.

**JURISDICTION AND VENUE**

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because the

amount in controversy exceeds $75,000 and complete diversity of citizenship exists

among the parties.  Venue is proper in this court because the defendant resides in this

district.  28 U.S.C. § 1391.  All parties consented to the jurisdiction of a United States

Magistrate Judge.  28 U.S.C. § 636 and the case was reassigned to the undersigned (D.E. 13, 14).

## BACKGROUND

Plaintiff in this case is U.S. Bank National Association as Trustee, on behalf of single purpose entity 5350 South Staples Drive Holdings Limited Partnership, a Maryland limited partnership, and as successor-in-interest to Bank of America, N.A., as Trustee, successor-by-merger to LaSalle Bank National Association, as Trustee, for the Registered Holders of LB-UBS Commercial Mortgage Trust 2006-C4, Commercial Mortgage Pass-Through Certificates, Series 2006-C4, its successors and assigns or designees, by and through its special servicer, CWCapital Asset Management LLC.  Plaintiff is a nationally chartered bank and is a citizen of the state of Minnesota.  Defendant Frank A. Cotta is the managing member of Cotta Property Management, LLC ("the borrower") and is a citizen of Texas.

On April 13, 2006 the borrower executed a promissory note in the amount of $6,845,000.00 payable to Lehman Brothers Bank, FSB (Promissory Note, D.E. 18-2 at 1-12).  Defendant signed the note as Guarantor on behalf of the borrower (Id.)  Plaintiff succeeded to the beneficial interest in the note.  The promissory note was executed as part of a transaction by which the borrower came to own and operate a commercial office building known as the New York Life Building, located at 5350 South Staples Street in Corpus Christi, Texas ("the property").  The property secured the note.  As part of the transaction, the defendant executed a Guaranty of Recourse Obligations of Borrower

("Guaranty"), unconditionally guaranteeing the defendant's obligations pursuant to the note and Deed of Trust.

Under the Guaranty, if the property became an asset in a voluntary bankruptcy or insolvency proceeding, the defendant provided a personal and unconditional guarantee of prompt payment to the lender (now the plaintiff herein) (Guaranty at 1-2, D.E. 18-5 at 1-2).  In addition, the Guaranty provides that in the event of any default of the borrower under the note, the security instrument or the other loan documents, the lender could proceed directly and without notice against the Guarantor to collect the full amount of the liability (Guaranty at 3; D.E. 18-5 at 3).  The Guaranty also provides that if the borrower took advantage of or became subject to any provision of the Bankruptcy Code, the plaintiff could declare the debt due and payable and enforce any of its right and remedies against the guarantor provided for in the Guaranty (Guaranty at 3; D.E. 18-5 at 3). Under the Deed of Trust, an event of default occurred, among other circumstances, if the borrower commenced any case relating to bankruptcy (Deed of Trust at 23; D.E. 18-3 at 23).

On December 5, 2011 the defendant filed a voluntary bankruptcy petition for relief under Chapter 11 of the Bankruptcy Code in the Corpus Christi Division of the United States Bankruptcy Court for the Southern District of Texas.  In re Cotta Property Management, LLC, Case No. 11-20706 (Vol. Pet., D.E. 18-12 at 1-6).  That filing triggered the clause in the Guaranty that allowed the lender to proceed directly and without notice against defendant to recover the full amount of the liability under the note.

3

On December 16, 2011 plaintiff notified defendant that the bankruptcy filing constituted an event of default under the loan documents, thus accelerating the maturity of the indebtedness and triggering liability for the remaining indebtedness under the terms of the Guaranty.  Plaintiff demanded full payment of the debt.

On April 16, 2012 the bankruptcy court granted plaintiff relief from the automatic stay so that it could pursue its rights under the loan documents (Order, D.E. 18-13 at 1-3). On May 1, 2012 a non-judicial foreclosure sale of the property was held and the plaintiff purchased the property by making a credit bid of $4,840,000.00 (Aff. of Sale and Notice of Sale, D.E. 18-14 at 1-15).  Pursuant to the terms of the Deed of Trust, the credit bid amount and other amounts held by plaintiff in reserve were applied to expenses in the following order: (1) to the appraisal fees, environmental report fees and legal fees incurred prior to the foreclosure sale; (2) to the unpaid late fees which accrued prior to the sale; (3) to the unpaid interest which accrued prior to the sale; (4) to the prepayment consideration which accrued prior to the sale and (5) to the unpaid note at the time of the foreclosure sale (Deficiency Calc., D.E. 18-11).

As of August 31, 2012, the total deficiency principle balance due under the Guaranty was $3,144,603.34 and the amount of accrued interest was $189,192.72. Interest on the balance owed continues to accrue at the default rate of 18 percent annually, or $1,550.76 per day.[1]

_____

[1]Plaintiff claims that interest is accruing at the rate of $1,572.30 per day and that the amount of accrued interest as of August 31, 2012 was $191,192.72.  However, if

In its motion for summary judgment, plaintiff alleges that it has presented proof of the following: (1) it is the owner and holder of the note and Guaranty; (2) the parties had a contract and that defendant has breached the contract; (3) plaintiff fulfilled all of its obligations under the contract; (4) defendant breached his obligations under the contract and caused injury; (5) defendant owes plaintiff the amount of the deficiency, plus interest as described above; and (6) defendant owes plaintiff attorneys' fees and expenses. Defendant did not respond to the motion for summary judgment, but in his answer he conceded all of the relevant facts except that plaintiff was entitled to recover expenses in the amount of $12,639.00 or that it was entitled to a prepayment consideration of $1,453,751.56.  Defendant also asserted that plaintiff failed to mitigate its damages and demanded a jury trial (Ans., D.E. 6).

## APPLICABLE LAW

### A.  Summary Judgment Standard

Summary judgment is proper when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P 56(a).  A party asserting that a fact either cannot be or is genuinely disputed must support the assertion by citing to particular parts of material in the record, or by showing that the materials cited do not establish the absence or presence of a

---

interest is accruing at the rate of 18% per year, $3,144,603.34 x 18 % ÷ 365 (days) = $1,550.76, not $1,572.30.  Multiplying the daily rate of $1,550.76 times 122 days (May 2, 2012 through August 31, 2012) yields a total of $189,192.72.

genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.  FED. R. CIV. P 56(c).

An issue is material if its resolution could affect the outcome of the action.  Lewis v. University of Texas Medical Branch at Galveston, 665 F.3d 625, 630 (5th Cir. 2011) (citing Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir. 2001)).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The Court will not weigh the evidence or evaluate the credibility of witnesses. Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).  In reviewing the evidence, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached.'"  Daniels, 246 F.3d  at 502 (citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).  Conclusional allegations and unsubstantiated allegations may not be relied on as

6

evidence by the nonmoving party.  Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.  Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 399 (5th Cir. 2008)(citing Anderson, 477 U.S. at 248).

The party moving for summary judgment need not negate the elements of the nonmovant's case.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, the movant need only demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  If the movant demonstrates there is an absence of evidence to support the nonmovant's case, the nonmovant must come forward with specific facts showing that there is a genuine issue for trial.  See Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. Caboni, 278 F.3d at 451.  Defendant presented no evidence or argument in opposition to plaintiff's summary judgment proof.

### B.  Breach of Contract

The elements of a breach of contract under Texas law are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to plaintiff resulting from the breach."  Lewis v. Bank of Am. NA, 343 F.3d 540, 544-45 (5th Cir. 2003).  Plaintiff has provided evidence on all four elements of the cause of action.  Defendant conceded the first three

elements in his answer, filed prior to the foreclosure sale, although he disagreed about the amount owed.  Defendant did not respond to the post-foreclosure sale claim made in the motion for summary judgment that he owes $3,144,603.34, plus interest in the amount of $190,248.50 as of August 31, 2012 and that interest continues to accrue at the rate of 18 percent annually.  Nor did defendant object to the affidavit submitted by plaintiff's attorney that as of August 30, 2012 he had incurred fees and costs in the amount of $21,833.18 and anticipated that he would incur more fees and costs when responding to future pleadings and litigating the case to its conclusion.

Based on the foregoing, plaintiff's motion for summary judgment is granted. Judgment is entered for plaintiff in the amount of $3,144,603.34, plus interest in the amount of $274,484.52,[2] for a total of $3,420,638.62.  In addition, plaintiff is awarded attorneys fees and costs in the amount of $21,833.18.

### C.  Motion to Strike

Plaintiff also moved to strike defendant's answer, insofar as he made a demand for a jury trial.  The motion was based on language in the Guaranty whereby defendant waived "to the fullest extent permitted by law" the right to a jury trial in any law suit related to the note or the transaction to buy the property (Guaranty at 4; D.E. 18-5 at 4). Defendant did not respond to the motion.

_____

[2]Interest in the amount of $276,035.28 was calculated by multiplying the daily rate of $1,550.76 per day, times 178 days, which is the number of days starting on May 2, 2012 and ending on October 26, 2012, the day this judgment was signed.

Because defendant did not respond to the motion and because it is ordered that plaintiff's motion for summary judgment be granted, it is further ordered that plaintiff's motion to strike defendant's jury demand be denied as moot.  Because no trial will be held in this matter, there is no need to determine whether defendant made a valid waiver of his right to a jury trial in a civil matter.

## <u>CONCLUSION</u>

Based on the foregoing, plaintiff's motion for summary judgment (D.E. 18) is granted.  Judgment is entered in favor of plaintiff in the principal amount of $3,144,603.34, plus pre-judgment interest in the amount of  $276,035.28, plus attorneys fees and costs of $21,833.18, plus post-judgment interest at the prevailing rate.  Plaintiff's motion to strike defendant's demand for a jury trial (D.E. 19) is denied as moot, because this case will not be proceeding to trial.

ORDERED this 26th day of October, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE